IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-CV-578 – WDM – CBS

DRY CLEAN SUPER CENTER, INC.,
a Texas corporation,

    Plaintiff,

v.

KWIK INDUSTRIES, INC.,
a Texas corporation,
RAY ELLIS, an individual,
KWIK DRY CLEAN SUPER CENTER – CENTENNIAL, INC. (Centennial, CO Branch),
a Colorado corporation,
DRY CLEAN SUPER CENTER, INC. (Lakewood, CO Branch),
a Colorado corporation,
HONG JIP KIM, an individual, d/b/a DRY CLEAN SUPER CENTER,
CHUNG OH JUNG, an individual, d/b/a DRY CLEAN SUPER CENTER, and
JOHN DOE #1 d/b/a KWIK DRY CLEAN SUPER CENTER (Arvada, CO Branch),
JOHN DOE #2 d/b/a KWIK DRY CLEAN SUPER CENTER (Parker, CO Branch),

    Defendants.

## DEFENDANT KWIK INDUSTRIES, INC. AND RAY ELLIS'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendants, Kwik Industries, Inc. ("Kwik Industries") and Ray Ellis ("Ellis," with Kwik Industries and Ellis collectively referred to as "Defendants"), by and through their attorneys, Brownstein Hyatt Farber Schreck, LLP, submit their Answer to Plaintiff's First Amended Complaint ("Amended Complaint") as follows:

### THE PARTIES

1.    Defendants admit that Plaintiff is a Texas corporation and state, based on Defendants' understanding, that Plaintiff acts through, among perhaps others, its principal, Gary

2

Henson. Defendants lack information to admit or deny the remaining allegations in paragraph 1.

2. Admitted.

3. Defendants admit that Ellis is the President and is an agent of Kwik Industries. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 3.

4. Defendants lack sufficient information to deny or admit the allegations in Paragraph 4.

5. Defendants lack sufficient information to deny or admit the allegations in Paragraph 5.

6. Defendants lack sufficient information to deny or admit the allegations in Paragraph 6.

7. Defendants lack sufficient information to deny or admit the allegations in Paragraph 7.

8. Defendants lack sufficient information to deny or admit the allegations in Paragraph 8.

9. Defendants lack sufficient information to deny or admit the allegations in Paragraph 9.

## JURISDICTION

10. Defendants incorporate the above responses herein by reference.

11. Defendants admit subject matter jurisdiction but deny that Plaintiff is entitled to any relief.

12. Defendants admit subject matter jurisdiction but deny that Plaintiff is entitled to any relief.

## VENUE

13. Defendants admit venue but deny the remaining allegations in paragraph 13.

## GENERAL ALLEGATIONS

14. Defendants incorporate the above responses herein by reference.

15. Defendants lack sufficient information to deny or admit the allegations in Paragraph 15.

16. Defendants lack sufficient information to deny or admit the allegations in Paragraph 16.

17. Defendants admit the allegations in paragraph 17 except that Defendants lack sufficient information to admit or deny the allegations relating to Plaintiff's alleged service mark.

18. Regarding the first sentence of Paragraph 18 of the Amended Complaint, Defendants respond that the Letter of Agreement speaks for itself. Defendants state, however, that the business relationship reflected by the Letter of Agreement was revised by the parties and deny any allegations in paragraph 18 that are inconsistent with these revisions. Defendants deny the remaining allegations contained in Paragraph 18.

19. Defendants admit the allegations in paragraph 19 except as follows: Defendants state that the Letter of Agreement speaks for itself, state that the business relationship reflected by the Letter of Agreement was revised by the parties and deny any allegations in paragraph 19 that are inconsistent with the business relationship reflected by those revisions.

20. Defendants deny the allegations in paragraph 20. Defendants affirmatively state that approximately 165 dry cleaning facilities have been sold in the seven states listed in paragraph 20. Kwik Industries continues to offer to develop and sell dry cleaning facilities and depicts existing stores on its website.

21. Defendants admit that Exhibit C is an example of a sale contract for a dry cleaning facility. Defendants deny the remaining allegations in paragraph 21. Defendants affirmatively state that a buyer of a dry cleaning facility typically pays for the items listed in paragraph 21, and that a typical dry cleaning facility costs between $675,000 and $2.7 million.

22. Defendants deny the allegations in paragraph 22. Defendants affirmatively state that most buyers of dry cleaning facilities made a down payment. On very rare occasions, Kwik Industries would finance a portion of this down payment. Some of these rare down payment financings were secured by a buyer's personal property or residence. Defendants state that the vast majority of buyers would borrow a portion of the purchase price, not the down payment, from third party lenders. The buyers also would pay a commission. Under the revisions to the Letter of Agreement to which Kwik Industries and Plaintiff agreed shortly after the Letter of Agreement was executed, Plaintiff's compensation took the form of a split commission. More specifically, if Plaintiff originated the sale of a dry cleaning facility, then Plaintiff and Kwik Industries would split the commission actually paid by the buyer. Most of the time, a buyer could not pay the entire commission in cash at closing. Instead, a buyer typically would pay part of the commission in cash and the rest in the form of a promissory note, which note generally would be secured by a subordinate lien on the dry cleaning facility property. The terms of the promissory note varied but often the notes were interest only for a period of time.

23. Defendants admit the allegations in paragraph 23 except for the following: Kwik Industries did not build all of the dry cleaning facilities and many such facilities are not called "Dry Clean Super Center." Also, many of the buyers have defaulted on the promissory notes and are not paying thereunder.

24. Defendants respond that the Letter of Agreement referenced in Paragraph 24 of the Amended Complaint speaks for itself. Defendants state that the business relationship reflected by the Letter of Agreement was revised by the parties. Defendants state that pursuant to the revised business relationship, agreed to and thereafter followed by Kwik Industries and Plaintiff, Plaintiff is entitled to 50 percent of the buyer-paid commissions for dry cleaning facility sales that Plaintiff originates. Defendants deny any allegation in paragraph 24 that is inconsistent with the parties' revisions of their business relationship or this statement.

25. Defendants respond that the Letter of Agreement referenced in Paragraph 25 speaks for itself. Defendants state that the business relationship reflected by the Letter of Agreement was revised by the parties. Defendants deny any allegation in paragraph 25 that is inconsistent with the revised agreement.

26. Defendants respond that the Letter of Agreement referenced in Paragraph 26 speaks for itself. Defendants state that the business relationship reflected by the Letter of Agreement was revised by the parties. Defendants deny any allegation in paragraph 26 that is inconsistent with the revised business agreement.

27. Defendants deny the allegations in Paragraph 27. Defendants affirmatively state that with respect to selling, building and developing dry cleaning facilities under the business relationship between Kwik Industries and Plaintiff, that Kwik Industries carried out its tasks primarily through Ellis and those working under him, and Plaintiff carried out its sales activities primarily through Henson and William Jones. Defendants affirmatively state that Kwik Industries kept records the sale commission amounts paid (either in cash or under promissory notes) by dry clean facility buyers.

28. Defendants admit that, pursuant to the parties' revisions of the business relationship set forth in the Letter of Agreement, Kwik Industries paid to Plaintiff sums of approximately $25,000 to $40,000 per month from approximately September 1996 until approximately July 2007. Defendants deny the remaining allegations in Paragraph 28.

29. Defendants deny the allegations in paragraph 29. Defendants affirmatively state that Kwik Industries would pay Plaintiff a set monthly amount to assist Plaintiff in maintaining cash flow with the intent of truing up later the amounts actually owed to Plaintiff from sale commissions. Defendants affirmatively state that it became apparent that Kwik Industries had paid to Plaintiff, through the above-described monthly payments, more than the amount represented by Plaintiff's share of the sale commissions actually received from buyers. As of about August 2007, Kwik Industries stopped making the monthly payments to Plaintiff to allow the commission amounts actually received from buyers to catch up to the commission amounts already paid to Plaintiff.

30. Defendants deny the allegations in paragraph 30. Defendants affirmatively state that Plaintiff is not entitled to any accounting for any portion of the dry cleaning facility sale process except for an accounting of the sale commissions received from buyers.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32. Defendants affirmatively state that in certain dry cleaning facility sale transactions, Plaintiff made unwarranted guarantees to potential purchasers about, among other things, the potential revenue to be received from the dry cleaning facility. Based on these unwarranted guarantees by Plaintiff, Kwik Industries has covered certain losses incurred by these buyers. Kwik Industries is entitled to charge one-half of

6

these covered losses, and any other losses created by Plaintiff's unwarranted guarantees and representations, back to Plaintiff.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34. Defendants affirmatively state that Kwik Industries purchased one store at a foreclosure sale for the purpose of protecting subordinate liens on the subject property. As of yet, Kwik Industries has not sold this one store.

35. Defendants deny the allegations in paragraph 35. Defendants affirmatively state that the sale of dry cleaning facilities remains part of Kwik Industries' business.

36. Defendants deny the allegations in paragraph 36. Defendants affirmatively state that Kwik Industries has its own service mark.

37. Defendants lack sufficient information to admit or deny the allegations in paragraph 37.

### COUNT 1-FEDERAL SERVICE MARK INFRINGEMENT
### (AGAINST ALL DEFENDANTS)

38. Defendants incorporate the above responses herein by reference.

39. Defendants lack sufficient information to admit or deny the allegations in paragraph 39.

40. Defendants lack sufficient information to admit or deny the allegations in paragraph 40.

41. Defendants affirmatively state that they have promoted Dry Clean Super Center stores as part of their relationship with Plaintiff. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants deny that Plaintiff holds any rights to the Kwik Dry Clean Super Center mark. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT 2-FEDERAL SERVICE MARK DILUTION
## (AGAINST ALL DEFENDANTS)

48. Defendants incorporate the above responses herein by reference.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT 3-FEDERAL UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

54. Defendants incorporate the above responses herein by reference.

55. Denied.

## COUNT 4-BREACH OF CONTRACT
## (AGAINST DEFENDANT KWIK INDUSTRIES)

56. Defendants incorporate the above responses herein by reference..

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### COUNT 5-FRAUD
### (AGAINST DEFENDANTS KWIK INDUSTRIES AND ELLIS)

62. Defendants incorporate the above responses herein by reference.

63. Defendants admit that Kwik Industries understood its obligations regarding the Letter of Agreement referenced in Paragraph 63, as revised by the parties. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that Ellis may have referred to himself as a "greedy bastard" in jest. Defendants deny the remaining allegations in Paragraph 64.

65. Denied.

66. Denied.

67. Defendants admit that they keep business records. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants lack sufficient information to admit or deny what Plaintiff believed. Defendants deny the remaining allegations in Paragraph 67.

69. Denied.

70. Denied.

### COUNT 6-FRAUDULENT CONCEALMENT
### (AGAINST DEFENDANTS KWIK INDUSTRIES AND ELLIS)

71. Defendants incorporate the above responses herein by reference.

72. Denied.

12146\1\1147074.4

73.     Defendants deny the allegations in paragraph 73 based on the ambiguity of the term "undertaking."

74.     Defendants deny the allegations in paragraph 73 based on the ambiguity of the term "undertaking."

75.     Denied.

76.     Denied.

**COUNT 7-ACCOUNTING FOR PROFITS**
**(AGAINST DEFENDANTS KWIK INDUSTRIES AND ELLIS)**

77.     Defendants incorporate the above responses herein by reference.

78.     Defendants admit that a fiduciary relationship exists between Plaintiff and Kwik Industries with respect to Plaintiff's sale activities and the split of sale commissions occurring under the parties' revised business agreement. Defendants admit that a contractual relationship existed between Plaintiff and Kwik Industries pursuant to the Letter of Agreement, as revised by the parties. Defendants deny the remaining allegations in paragraph 78.

79.     Defendants admit that they have a duty to comply with the Letter of Agreement, as that business relationship has been revised by the parties. Defendants deny the remaining allegations of paragraph 79.

80.     Denied.

81.     Defendants lack sufficient information to admit or deny allegations about Plaintiff's motives for its action or inaction. Defendants deny the remaining allegations in paragraph 81.

82.     Defendants lack sufficient information to admit or deny allegations about Plaintiff's knowledge. Defendants deny the remaining allegations in paragraph 82.

## COUNT 8-ACCOUNTING FOR PROFITS
## (AGAINST DEFENDANT KWIK INDUSTRIES)

83. Defendants incorporate the above responses herein by reference.

84. Defendants admit that a fiduciary relationship exists between Plaintiff and Kwik Industries with respect to Plaintiff's sale activities and the split of sale commissions occurring under the parties' revised business agreement. Defendants deny the remaining allegations in paragraph 84.

85. Denied.

86. Denied.

87. Denied.

## COUNT 9-DECLARATORY JUDGMENT
## (AGAINST DEFENDANT KWIK INDUSTRIES)

88. Defendants incorporate the above responses herein by reference.

89. Defendants state that the Letter of Agreement referenced in Paragraph 89 speaks for itself. Defendants state that the business relationship set forth in the Letter of Agreement was revised by the parties and deny any allegations in paragraph 89 that are inconsistent with those revisions.

90. Defendants admit that the Letter of Agreement was executed. Defendants state that the Letter of Agreement speaks for itself. Defendants state that the business relationship set forth in the Letter of Agreement was revised by the parties and deny any allegations in paragraph 90 that are inconsistent with those revisions.

91. Defendants state that the Letter of Agreement, as revised by the parties, is binding. Defendants admit that a dispute exists relating to the parties' respective obligations under the Letter of Agreement, as revised.

92. Denied.

## COUNT 10-UNJUST ENRICHMENT
## (AGAINST DEFENDANT ELLIS)

93. Defendants incorporate the above responses herein by reference.

94. Defendants admit that Ellis is the majority owner of Kwik Industries. Defendants deny the remaining allegations in Paragraph 94.

95. Defendants admit that Ellis does not have a contract with Plaintiff. Defendants deny the remaining allegations in paragraph 95.

96. Denied.

## COUNT 11-BREACH OF FIDUCIARY DUTY
## (AGAINST DEFENDANTS KWIK INDUSTRIES AND ELLIS)

97. Defendants incorporate the above responses herein by reference.

98. Defendants admit that a fiduciary relationship exists between Plaintiff and Kwik Industries with respect to Plaintiff's sale activities and the split of sale commissions occurring under the parties' revised business agreement. Defendants deny the remaining allegations in paragraph 98.

99. Defendants admit that Kwik Industries has a duty to provide Plaintiff with information that will enable Plaintiff to exercise its rights under the parties' business relationship. Defendants deny the remaining allegations in Paragraph 99.

100. Denied.

101. Denied.

102. Denied.

**ANSWER TO RELIEF REQUESTED**

Plaintiff's Relief Requested contains statements to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Plaintiff's Relief Requested.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants plead the following defenses to Plaintiff's claims:

1.  Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

2.  Plaintiff's claims are barred by the doctrines of waiver and estoppel.

3.  Plaintiff's claims are barred in whole or in part due to the parties' course of dealing.

4.  Plaintiff's claims are barred in whole or in part due to its failure to mitigate its damages, if any.

5.  Plaintiff's claims are barred, reduced, and/or limited pursuant to setoffs permitted by law and agreement between the parties.

6.  Plaintiff's claims are barred in whole or in part by the doctrine of laches.

7.  Plaintiff's claims are barred in whole or in part due to a lack of or failure of consideration.

8.  Plaintiff's claims are barred in whole or in part due to payment.

9.  Plaintiff's claims are barred in whole or in part due to accord and satisfaction.

10. Plaintiff consented, acquiesced, or ratified Defendants' actions that underlie the allegations of the Amended Complaint. Therefore, Plaintiff is barred in whole or in part from recovering damages.

11. Plaintiff's claims are barred in whole or in part because Defendants owed no duty

to Plaintiff.

12. Plaintiff's claims are barred in whole or in part by the statute of limitations.

13. Plaintiff's claims are barred in whole or in part under the economic loss doctrine.

14. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

15. Plaintiff's claims are barred because Defendants are not using any mark in a manner that is likely to cause confusion with Plaintiff's alleged mark.

16. Due to the widespread use of Plaintiff's alleged mark by third parties, Plaintiff lacks standing to allege any claims under the Lanham Act, including but not limited to those for trademark infringement, trademark dilution, and unfair competition.

17. Plaintiff's mark lacks secondary meaning and is, therefore, descriptive. In the alternative, Plaintiff's mark is generic.

## COUNTERCLAIM FOR DECLARATORY RELIEF

### INTRODUCTION

It is true that Defendants and Plaintiff entered into the Letter of Agreement upon which Plaintiff bases its claims, but they mutually revised that agreement less than a year later. The parties orally agreed to an arrangement under which Kwik Industries would pay Plaintiff one-half of the dry cleaning facility transaction commissions for sales Plaintiff originated ("Revised Agreement"). Since 1998, Plaintiff has operated and accepted money under the Revised Agreement. Now, unhappy with the amount of money it has received, Plaintiff is attempting to revive the old agreement. Accordingly, Defendants bring this counterclaim seeking a declaratory judgment that the Revised Agreement is the valid, controlling agreement between the parties.

### PARTIES, JURISDICTION, AND VENUE

1. Defendant and Counterclaim Plaintiff Kwik Industries is a Texas corporation with its principal place of business at 4725 Nall Road, Dallas, Texas 75244.

2.      Defendant and Counterclaim Plaintiff Ray Ellis is President and CEO of Kwik Industries and a resident of Texas.

3.      According to its Amended Complaint, Plaintiff and Counterclaim Defendant Dry Clean Super Center, Inc. ("DCSC") is a Texas corporation with its principal place of business in Castle Rock, Colorado.

4.      According to the Amended Complaint, jurisdiction is appropriate in this Court pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.      According to the Amended Complaint, venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), as several defendants in the underlying action reside within this district.

## GENERAL ALLEGATIONS

6.      Defendants and Counterclaim Plaintiffs incorporate the above allegations by reference.

7.      Kwik Industries is a closely held, family-run business founded in 1964 by Ray Ellis. Kwik Industries builds and sells car washes, oil change and auto tune centers, and dry cleaners to independent owner/operators.

8.      Gary Henson and William Jones are the principals of DCSC. In 1996, Jones approached Ellis about a joint venture between Kwik Industries and DCSC. As a result, the parties entered into the Letter of Agreement ("Original Agreement") attached as Exhibit B to the Amended Complaint.

9.      Under the Original Agreement, DCSC was to provide its dry-cleaning expertise and customers; and Kwik Industries was to build the stores and, among other things, arrange for financing of the portion of the purchase price not covered by the purchaser's down payment and

the purchaser's own financing. At that time, Kwik Industries provided Henson and Jones with office space, staff, and expenses.

10. Within a year of entering into the Original Agreement, Kwik Industries and DCSC mutually agreed to significantly revise the Original Agreement.

11. Kwik Industries and DCSC began operating under the Revised Agreement, pursuant to which Kwik Industries would pay to DCSC one half of the transaction sale commissions for the dry cleaning facility transactions that DCSC originated. To assist DCSC with its cash flow needs, Kwik Industries agreed to pay to DCSC a monthly flat fee, regardless of the buyer commissions actually received. Kwik Industries and DCSC agreed to later reconcile, or true up, these amounts – <u>i.e.</u>, DCSC's actual share of the sale commissions versus the amounts DCSC received in monthly payments.

12. Under the Revised Agreement, Kwik Industries advised prospective buyers regarding existing stores available for purchase, or properties owned by Kwik Industries that are suitable for construction of a new store. Over the course of the Revised Agreement, DCSC originated the majority of the dry cleaning facility sales, and Kwik Industries originated some of them.

13. For each prospective sale, Kwik Industries prepares a market study that provides demographic information on the market area, site plans, equipment and inventory, elective incentive contracts from major suppliers, and a proposed contract of sale.

14. For most sales, Kwik Industries provides references to buyers for primary financing.

15. The buyers generally pay part of the transaction commission in cash and part with a promissory note.

16. The Revised Agreement is a verbal agreement, under which the parties continue to operate.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF

17. Defendants and Counterclaim Plaintiffs incorporate the above allegations by reference.

18. The parties entered into the Revised Agreement. Despite operating and accepting payment under the Revised Agreement for 10 years, DCSC now seeks damages under the Original Agreement, which the parties revised in or about 1997.

19. Thus, an actual and substantial controversy exists between the parties regarding the parties' agreement. A declaration from this Court on this issue will resolve that controversy.

20. Accordingly, pursuant to Fed. R. Civ. P. 57, Kwik Industries and Ellis are entitled to a judgment declaring that the parties relationship is governed by the Revised Agreement.

ACCORDINGLY, Kwik Industries and Ellis request that the Court enter judgment in its favor and against DCSC, as follows:

a. A judgment declaring that the Revised Agreement controls the relationship between the parties.

b. For entry of judgment against DCSC on its claims against Kwik Industries and Ellis.

c. For all costs, expenses, and reasonable attorney fees incurred by Kwik Industries and Ellis in this action.

d. For such other and further relief as this Court deems proper.

Dated this 5th day of May, 2008.

          BROWNSTEIN HYATT FARBER SCHRECK, LLP

          By: *s/ David S. Chipman*
           Timothy R. Beyer
           David S. Chipman
           Kelly A. Murphy
           410 17th Street, Suite 2200
           Denver, Colorado 80202
           Telephone: (303) 223-1100
           Facsimile: (303) 223-1111
           tbeyer@bhfs.com
           dchipman@bhfs.com
           kmurphy@bhfs.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2008, a true and correct copy of the foregoing **DEFENDANTS KWIK INDUSTRIES, INC. AND RAY ELLIS'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

H. Keith Jarvis
Richard W. Pruett
Markusson, Green & Jarvis, P.C.
999 18th Street, Suite 3300
Denver, CO   80202
jarvis@mgjlaw.com
rpruett@mgjlaw.com
ATTORNEYS FOR PLAINTIFF

Natalie Hanlon-Leh
Jennifer Daniel Collins
Faegre & Benson LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203
jcollins@faegre.com
nhanlonleh@faegre.com
ATTORNEYS FOR DEFENDANT KWIK DRY CLEAN SUPER CENTER – CENTENNIAL, INC.

Andrew Jack Kochanowski
Henri Oliver Harmon
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI   48075
akochanowski@sommerspc.com
hharmon@sommerspc.com
ATTORNEYS FOR PLAINTIFF

J. Mark Smith
Pendleton, Friedberg, Wilson & Hennessey, P.C.
1875 Lawrence Street, 10th Floor
Denver, CO 80202
msmith@penberg.com
ATTORNEYS FOR DEFENDANT DRY CLEAN SUPER CENTERS, INC.

*s/ Cheryl Graysar*
Cheryl Graysar, Paralegal

12146\1\1147074.4