IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00578–CMA–CBS

DRY CLEAN SUPER CENTER, INC.,
a Texas corporation,
      Plaintiff,

v.

KWIK INDUSTRIES, INC.,
a Texas corporation, et al.
      Defendants.
_____

# AMENDED[1] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
_____

Pursuant to the Stipulated Motion of the Plaintiff Dry Clean Super Center, Inc. ("DCSC") and Defendant Kwik Industries, Inc. ("Kwik") (collectively, the "Parties"), the Court hereby orders as follows:

1. The "Litigation" shall mean the above-captioned case, *Dry Clean Super Center, Inc. v. Kwik Industries, Inc., et al.,* Case No. 08-CV-578-WDM-CBS (United States District Court for the District of Colorado).

2. "Documents" or "information" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.

3. "Producing Party" shall mean any person or entity who provides, serves, discloses,

---

[1] Amended only as to modify the civil action number in the case caption, as highlighted above.

files, or produces any nonpublic documents or information in connection with this Litigation.

4. The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties or any Producing Party may designate any document, thing, material, testimony, or other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") which shall not be published to third parties other than the Parties except as permitted by, and in accordance with, the provisions of this Order. Confidential information is information which has not been made public and which contains trade secret, proprietary and/or sensitive business or personal information.

5. CONFIDENTIAL documents may be so designated by marking or stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as CONFIDENTIAL, unless otherwise indicated by the Producing Party. Indicating CONFIDENTIAL on the electronic file name of a document produced electronically, or in the name of an electronic file folder containing documents, shall also designate all contents of the electronic document or electronice file folder as CONFIDENTIAL. Additional methods for designating documents CONFIDENTIAL may be agreed to by the Parties as necessary.

6. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also agree that an entire deposition transcript shall be designated CONFIDENTIAL. In the

alternative, counsel for the Parties may agree to designate a deposition as CONFIDENTIAL within ten (10) days of receipt of the transcript.

      7.   CONFIDENTIAL information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

      (a)   The District Court, City and County of Denver, Colorado (the "Court") and persons assisting the Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers and electronic filing personnel);

      (b)   The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

      (c)   A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, and settlement of this Litigation;

      (d)   Subject to the terms of Paragraph 11 below, third party witnesses, including former employees of the Parties, as may reasonably be necessary in preparation for deposition or hearing testimony;

      (e)   Subject to the terms of Paragraph 11 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;

      (f)   Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

      (g)   Any other person, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL information to said person, who shall be identified by name, address, phone number and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten calendar days of delivery of the notification. Before any person may receive disclosure pursuant to this subparagraph 7(g), he or she must comply with the requirements of paragraph 11 below.

Before any person may receive disclosure pursuant to Section 7(b) through 7(f) above, they must understand and concur with their responsibility to maintain the confidentiality of the information pursuant to this Order.

8. If a witness is providing or is provided CONFIDENTIAL information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL information not be provided to the witness, pending resolution of the issue.

9. All designations of information as CONFIDENTIAL by the Producing Party must be made in good faith. All Parties reserve the right to challenge the designation of information as CONFIDENTIAL. In the event of such a challenge, the Producing Party has the burden of establishing the appropriateness of the CONFIDENTIAL designation.

10. While protected by this Order, any information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose.

11. With respect to outside experts and third parties, including third party witnesses, to become an authorized expert or third party entitled to access to CONFIDENTIAL information, the expert or individual must be provided with a copy of this Order and must sign a Certification in the form set forth as Exhibit A hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf

such a Certification is signed shall retain the original Certification.

12. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL information to a person who created or previously received (as an addressee or by way of copy) such information.

13. The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL information prior to the receipt of such notice, if known, shall be reported to the Producing Party and shall not be deemed a violation of this Confidentiality Agreement.

14. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL information will be disclosed.

15. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

16. If CONFIDENTIAL information is contained in any brief or other paper to be filed with the Court by a Party, the Parties will confer prior to filing to determine whether it is

necessary to file a motion to seal under D.C.COLO.LCivR 7.2.  If the parties cannot reach an agreement on whether a motion to seal is warranted, then the Parties agree to cooperate so that the Party seeking to have the papers containing CONFIDENTIAL information sealed will have sufficient time to submit a motion to seal along with the disputed filing.

17. This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL information as it deems appropriate.

18. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

19. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL information through discovery shall either destroy the CONFIDENTIAL information or return all such CONFIDENTIAL information to the Producing Party.  Outside Counsel may retain one copy of pleadings; motions; deposition transcripts; exhibits submitted with such documents; and trial, hearing or other exhibits filed or

otherwise submitted to the Court that contain CONFIDENTIAL information solely for archival purposes and the restrictions of this Protective Order shall apply to Outside Counsel for as long as they hold such archival documents. If a Party chooses to destroy information under this Order rather than return such information to the Producing Party, the Party destroying the information shall inform the Producing Party's attorney(s) of record in writing that such CONFIDENTIAL information has been destroyed.

20. The obligation to treat all information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL information shall survive any settlement or other termination of this Litigation.

21. The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced information shall be returned by the receiving Party within three business days of any written request therefore. The receiving Party retains the right to challenge the information as having been inadvertently produced or, if inadvertently produced, as protected from discovery on grounds of privilege or work product.

22. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

DATED at Denver, Colorado, this 28th day of May, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00578–WDM–CBS

DRY CLEAN SUPER CENTER, INC.,
a Texas corporation,
 Plaintiff,

v.

KWIK INDUSTRIES, INC.,
a Texas corporation, et al.
 Defendants.

## CERTIFICATION OF CONFIDENTIALITY OBLIGATION

The undersigned hereby acknowledges that he/she has carefully and completely read the STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the above captioned case between Dry Clean Super Center, Inc. and Kwik Industries, Inc., et al.; that he/she is one of the persons contemplated in Paragraph 7 (d), (e) and (g) thereof, and that he/she fully understands and agrees to abide by the obligations and confidences set forth therein. The undersigned consents to the jurisdiction of the Court for purposes of enforcing this Stipulated Agreement and Confidentiality Protective Order.

_____
Signature

Date: _____

_____
Title or Position

_____
Printed Name

_____
Address

_____

_____
Telephone Number