**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-00578-WJM-CBS

DRY CLEAN SUPER CENTER, INC.,

    Plaintiff,

v.

KWIK INDUSTRIES, INC., a Texas corporation, and
RAY ELLIS,

    Defendants.

## ORDER OF CLARIFICATION

This matter comes before the Court on Kwik Industries, Inc. ("Kwik") and Ray Ellis' ("Ellis") (jointly the "Defendants") Motion for Clarification, ECF No. 154, filed on May 13, 2011. Defendants request the Court clarify its Order on Defendants' Combined Motion for Partial Summary Judgment, ECF Nos. 144 and 152. To the extent that the Court was unclear in its May 8, 2011 Order, ECF No. 152, the Court clarifies said Order as follows:

Statutes of limitations extinguish claims that should be brought in a particular forum within a particular time. *S.V. v. R.V.*, 933 S.W.2d 1,3 (Tex. 1996). The Court previously held Plaintiff's state law claims of breach of contract; actual, negligent, and constructive fraud, accounting for profits, declaratory judgment, breach of the Texas Partnership Act, and attorney fees are all subject to and barred at least in part by the applicable statute of limitation. (ECF No. 152 at 7.) Because all of the state law claims arise out of the same core nucleus of facts, the Court's statute of limitations analysis

and ruling applies across the board to all such claims.

Accordingly, the Court hereby GRANTS Defendant's Motion for Clarification. By way of clarifying its May 8, 2011 Order, ECF No. 152, the Court ORDERS as follows:

A.   To the extent any of the following state law claims pled by Plaintiff arise out of any act or omission which occurred, or should have occurred, prior to March 20, 2004, they are time-barred by the applicable statute of limitations:

Claim 4 (breach of contract) against Kwik;

Claim 5 (actual, negligent, and constructive fraud) against Kwik and Ellis;

Claim 6 (fraudulent concealment) against Kwik and Ellis;

Claim 7 (accounting for profits) against Kwik and Ellis;

Claim 8 (constructive trust) against Kwik and Ellis[1];

Claim 9 (declaratory judgment) against Kwik and Ellis;

Claim 11 (common law breach of fiduciary duty) against Kwik and Ellis;

Claim 12 (breach of Texas Partnership Act) against Kwik and Ellis;

Claim 13 (attorneys' fees) against Kwik and Ellis; and

Claim 14 (aiding and abetting breach of fiduciary duty) against Kwik and Ellis;

B.   To the extent any of the following state law claims pled by Plaintiff arise out of any act or omission which occurred, or should have occurred, prior to March 20, 2006, they are time-barred by the applicable statute of limitations:

Claim 10 (unjust enrichment) against Ellis; and

Claim 16 (negligence) against Kwik and Ellis.

---

[1] In the Final Pretrial Order filed on May 23, 2011 (ECF 160), which supersedes its Amended Complaint in this action, Plaintiff affirms it is also asserting constructive trust (Claim 8) and declaratory judgment (Claim 9) claims against Defendant Ellis. ECF No. 160 at 25 & 26.

Dated this 25th day of May, 2011.

BY THE COURT:

William J. Martinez
United States District Judge