## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Action No. 08-cv-00578-WJM-CBS

DRY CLEAN SUPER CENTER, INC.,

    Plaintiff,

v.

KWIK INDUSTRIES, INC., a Texas corporation, and
RAY ELLIS,

    Defendants.

---

## PARTIAL ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION IN LIMINE

---

Before the Court is Defendants' Motion in *Limine* ("Motion"), which seeks to exclude five categories of evidence at trial. (ECF No. 190.) In this Order, the Court will address four of those categories, *i.e.*, the evidence addressed in sections III, IV, and V of the Motion. The arguments raised in Section II of the Motion will be addressed in a separate order.

**A.   Pleadings From Unrelated Lawsuits**

Thirteen of Plaintiff's proposed exhibits are pleadings and other documents from different cases that have been filed against Defendants over the last fifteen years. (ECF No. 203.) Defendants move to exclude the admission of these exhibits and argue that they are both not relevant and prejudicial. (ECF No. 190 at 6-7.) Plaintiff contends that they are relevant because they contain admissions of the Defendants, are examples of how Plaintiff's trademark has been used improperly, and contain

necessary evidence of Defendants' profits from various transactions. (ECF No. 199 at 3-4.)

Though Defendants move to exclude thirteen exhibits, they have attached only one sample pleading to the Motion. (ECF No. 190-1 at 8-14.) Accepting that there may be some relevance to various portions of these documents, the Court must then determine whether the prejudice to Defendants substantially outweighs the probative value. Fed. R. Evid. 403. Without viewing the documents themselves, the Court lacks sufficient information to conduct this balancing test. Accordingly, the Court RESERVES RULING on this aspect of the Motion. The Court will rule on admission of the documents from unrelated litigation as they are attempted to be introduced in the course of trial.

The Court DIRECTS the parties to explore the manner by which irrelevant and/or prejudicial portions of the disputed documents may be redacted, while retaining the relevant material that Plaintiff seeks to admit. Having presided over a number of trials, the Court strongly believes that it is in both parties' best interest to avoid protracted evidentiary disputes at trial, whether they be in front of the jury or at sidebar.

Accordingly, the parties are hereby ORDERED to meet and confer regarding the extent to which the pleadings from these unrelated cases can be redacted so as to streamline the use of these exhibits at trial. The parties shall file amended exhibit lists in regards to those exhibits, either redacted or not, as to which the parties have been newly successful in stipulating as to their authenticity and/or admissibility. This matter will be taken up at the Final Trial Preparation Conference later this week, including the deadline for filing such amended exhibit lists.

**B.     Deposition of Janice Stallons**

Exhibit 46 on Plaintiff's Proposed Exhibit List is the transcript from the December 12, 2008 deposition of Janice Stallons taken in conjunction with an unrelated civil action, *TSFG, et al. v. Kwik Industries, Inc., et al.*. Defendants move to exclude Stallons deposition on the basis that it is hearsay. (ECF No. 190 at 8-9.)

Plaintiff contends that Stallons's deposition is admissible under Federal Rule of Evidence 804(b)(1) which provides:

> The following are not excluded by the rule against hearing if the declarant is unavailable as a witness:
>
> (1) *Former Testimony*.  Testimony that:
> (A)    was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> (B)    is now offered against a party who had—or, in a civil case, whose predecessor had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

*Id*.  Defendants argue that Rule 804(b)(1) is inapplicable because they did not have similar motive to develop Stallons's testimony in the *TSFG* action.

Stallons is a former employee of Kwik who has not worked at the company since March of 2008. (ECF No. 109-1 at 17.) Stallons was named as a defendant in the *TSFG* litigation and her deposition was taken as a party to that action. (ECF No. 190-1 at 16.) Because Kwik and Ellis were aligned with Stallons in that action, the Court finds that they did not have reason to develop her testimony during the deposition. *United States v. Feldman*, 761 F.2d 380, 385 (7th Cir. 1985) (noting that party did not have

reason to believe that co-defendant would later testify against him and, therefore, did not have motive to develop co-defendant's testimony). Thus, Rule 804(b)(1) does not apply. *See United States v. Salerno*, 505 U.S. 317, 322 (1992) (proponent of evidence must satisfy all prongs of Rule 804(b)(1) for evidence to be considered under that exception).

Accordingly, Defendants' Motion *in Limine* is GRANTED to the extent it seeks to exclude Exhibit 46, the Deposition of Janice Stallons.

**C.     Expert Reports**

Plaintiff has listed the reports prepared by their experts as Exhibit Numbers 66-68. (ECF No. 203 at 14.) Defendants move to exclude these reports as hearsay. (ECF No. 190 at 8-9.) In response, Plaintiff states that it has numbered the expert reports and included them on its exhibit list "so that those documents could be utilized to ease and speed up the presentation of evidence and, if necessary, to assist in refreshing the witness's recollection as allowed under FRE 803(5)." (ECF No. 199 at 5.) Plaintiff does not contend that it should be permitted to admit the expert reports as substantive evidence at trial.

Given that Plaintiff has acknowledged that it will not seek to admit the expert reports as substantive evidence, the Court views this issue as therefore moot. Accordingly, to the extent it seeks to exclude the admission of the expert reports, Defendants' Motion *in Limine* is DENIED WITHOUT PREJUDICE. Should Plaintiff seek to admit the expert reports at trial, Defendants are free to reassert their objection at that time.

**D.      Use of the Term "Kickback"**

Through discovery in this case, Defendants have ascertained that Plaintiff views certain payments made to Defendant Ellis as "kickbacks" and will refer to the payments as such at trial.  Defendants move to exclude any reference to a "kickback" arguing that it would cause undue prejudice in violation of Federal Rule of Evidence 403.  (ECF No. 190 at 9-10.)  They allege that the term "kickback" implies illegal conduct and that the payments to Ellis were "entirely legal".  (*Id*. at 10.)

Plaintiff contends that calling the payments to Ellis a "kickback" will not unduly prejudice Defendants.  The Court agrees.  The Tenth Circuit has observed that there is "nothing inherently prejudicial about . . . use of the term 'kickback.'" *Okland Oil Co. v. Knight*, 92 F. App'x 589, 600 (10th Cir. 2003).   If, as Plaintiff alleges, the payments to Ellis were secret transactions, they fall within the dictionary definition of "kickback" cited by Defendants in their Motion.  (ECF No. 190 at 10.)  Defendants are free to characterize the payments to Ellis as "referral fees" or whatever other term they choose, and are also free to argue that the payments to Ellis were lawful and proper.  However, the Court will not preclude Plaintiff from arguing its case as it chooses and using the term "kickback."

Accordingly, Defendants' Motion *in Limine* is DENIED to the extent it seeks to bar Plaintiff from using the term "kickback".  Though the Court will permit Plaintiff to use the term "kickback", it will not allow anything more inflammatory than that.  As in *Okland Oil*, the Court will not permit Plaintiff to characterize the payments to Ellis as unlawful or illegal.  *See id*. at *8.

**E.     Conclusion**

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion *in Limine* (ECF No. 190) is DENIED in so far as it seeks to preclude Plaintiff from using the term "kickback";

2. Defendants' Motion *in Limine* is DENIED WITHOUT PREJUDICE with respect to the admissibility of the expert reports, Plaintiff's exhibits 66-68;

3. Defendants' Motion *in Limine* is GRANTED in so far as it seeks to exclude admission of the deposition of Janice Stallons;

4. The Court RESERVES RULING on the admissibility of the pleadings and other court documents from unrelated cases, Plaintiff's exhibits numbers 47-58 & 73; and

5. By a date to be set at the Final Trial Preparation Conference, the parties must meet and confer in person regarding the extent to which the pleadings from unrelated cases can be redacted and/or stipulated to so as to streamline the admission of these exhibits at trial.

Dated this 13th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge