**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-00578-WJM-CBS

DRY CLEAN SUPER CENTER, INC.,

    Plaintiff,

v.

KWIK INDUSTRIES, INC., a Texas corporation, and
RAY ELLIS,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND FINAL PRETRIAL
ORDER AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE***

---

Before the Court are the following motions: (1) Defendants' Motion *in Limine* (ECF No. 190); and (2) Defendants' Motion to Amend the Final Pretrial Order (ECF No. 206.) The Court will address each motion in turn below.

**A.**     **Motion to Amend Final Pretrial Order**

Defendants move to amend the May 23, 2011 Final Pretrial Order. (ECF No. 206.) Throughout this litigation, Defendants have taken the position that 28 stores were not part of the joint venture agreement at issue in this case. Defendants now seek to change their position for purposes of trial. With respect to the Final Pretrial Order, Defendants seek to add the following to their statement of the case: "For purposes of trial, Kwik agrees that each of the 147 stores will be considered as part of the joint venture regardless of whether DCSC actually participated in the sale." (ECF No. 206 at 2.) Defendants also seek to strike a number of affirmative defenses related to the their

former position with respect to the 28 stores.  (*Id*.)

Plaintiff filed an opposition to the Motion to Amend.  (ECF No. 215.)  Plaintiff asserts that, even if Defendants change their position on the 28 stores, it should be permitted to pursue its trademark claims and present evidence of its damages from the trademark violations.  (*Id*. at 2.)  Plaintiff also contends that it should be permitted to introduce evidence showing how Defendants have changed the characterization of the relationship between the parties throughout this litigation.  (*Id*. at 2-4.)

The Court does not view Plaintiff's arguments as true opposition to the Motion to Amend.  Rather, Plaintiff contests only the effect the amendment of the Final Pretrial Order will have on the presentation of evidence at trial.  The Court will discuss Plaintiff's continued pursuit of its trademark claims in greater detail below.  With respect to Plaintiff's argument regarding Defendants' shifting positions, the Court sees no reason why allowing Defendants to amend the Final Pretrial Order would prevent Plaintiff from introducing evidence of the various ways Defendants have described the relationship between the parties during the course of this litigation.

Defendants assert that this change will narrow the issues presented at trial. (ECF No. 206 at 2.)  Having reviewed the seventy-five page Final Pretrial Order, the Court believes that any effort to streamline the issues that will be presented to the jury is in the best interests of justice.  Accordingly, the Court finds that Defendants have shown good cause for amending the Final Pretrial Order.  *See Sill Corp. v. United States*, 343 F.2d 411, 420 (10th Cir. 1965) (final pretrial order may be amended upon showing of good cause).  Defendants' Motion to Amend is GRANTED.

Defendant attached a proposed amended final pretrial order to their Motion to

Amend. However, at the February 16, 2012 Final Trial Preparation Conference, the Court intends to raise additional issues that will need to be addressed in the amended final pretrial order. Accordingly, the Court will set a deadline for filing an amended final pretrial order—including the changes requested in the instant Motion to Amend—at the Final Trial Preparation Conference.

**B.     Motion *in Limine***

Defendants' Motion *in Limine* seeks to exclude five categories of evidence. (ECF No. 190.) The Court has already resolved the motion with respect to four of the categories. (ECF No. 216.) The only remaining issue is Defendants' argument that Plaintiff should be precluded from putting on evidence related to its trademark claims. (ECF No. 190 at 3-5.)

Defendants allege that the concession set forth above—that the 28 stores were part of the joint venture—negates any need for Plaintiff to present evidence on its trademark infringement claims. (ECF No. 190 at 4.) Defendants contend: "If the trademark claims were dismissed, this case would proceed to trial as a contract and tort dispute over the distribution of profits, and without the distraction and confusion of the trademark claims that DCSC's trademark damages expert has admitted are duplicative." (*Id*.) Defendants argue that evidence related to Plaintiff's trademark claims would be run contrary to the law of the case and would be duplicative in violation of Rule 403. (*Id*. at 4-5.)

Plaintiff opposes the Motion and argues that its trademark damages are not duplicative of the damages sought under its contract and tort claims. Specifically,

Plaintiff contends that, because of the Court's prior statute of limitations rulings, it can recover for damages before March 20, 2004 only through its trademark claims. (ECF No. 199 at 2.) Plaintiff also argues that it is permitted to plead claims in the alternative and should be permitted to pursue both a breach of contract and its trademark claims. (*Id*. at 3.) Finally, Plaintiff contends that, if Defendants breached the trademark license, they are liable for both breach of contract and trademark infringement. (*Id*.)

   1.   Law of the Case

Both parties argue that the law of the case doctrine supports their positions. Defendants contend that the "driving factor" in the Court's ruling on summary judgment with respect to Plaintiff's trademark claims was that there was a dispute as to whether the 28 stores were part of the joint venture or separate therefrom. (ECF No. 190 at 5; ECF No. 152 at 19-20.) Defendants argue that, since the factual dispute regarding those 28 stores has been resolved by the above concession, the law of the case dictates that summary judgment be entered on Plaintiff's trademark claims. (ECF No. 190 at 5.)

The Court has reviewed its Order on Summary Judgment and disagrees with Defendants' interpretation. The Court denied summary judgment because it found "a genuine issue of material fact exists as to whether Defendants' use of the 'Dry Clean Super Mark' is likely to create confusion among the public." (ECF No. 152 at 19-20.) Though part of the analysis that preceded this finding discussed the dispute as to the categorization of the 28 stores, it was not the "driving force" behind the Court's finding that summary judgment was not appropriate. The Court does not find that the Defendants' concession with respect to the 28 stores necessitates granting summary

judgment on Plaintiff's trademark claims.

Plaintiff also misconstrues the Court's summary judgment ruling. Plaintiff states:

> [T]he Court's statute of limitations rulings draw a sharp line between what damages can be recovered on the two sub-sets of claims in this case. For its state law contract/tort claims, DCSC is allowed to recover any unpaid portion of its 50% share of joint venture profits received by Defendants subsequent to March 20, 2004. With respect to its trademark claims, however, DCSC is allowed to recover the dame damages as allowed for under its contract/tort claims **but is also** allowed to recover any unpaid portion of its 50% share of joint venture profits which were received by Defendants prior to March 20, 2004.

(ECF No. 199 at 2.) Plaintiff alleges that, because the trademark claims are the only vehicle by which it can recover pre-March 20, 2004 damages, it should be able to pursue those claims at trial despite Defendants' concession that the 28 previously-disputed stores were governed by the joint venture agreement. (*Id*. at 2-3.)

The portion of Plaintiff's briefing quoted above suggests that the Court has ruled that, if the jury finds a trademark violation, Plaintiff is entitled to recover damages that it suffered before March 20, 2004. The Court has reviewed its orders and cannot find any such ruling. In their Motion for Summary Judgment, Defendants argued that the statute of limitations for Plaintiff's state law contract and tort claims barred the recovery of damages incurred before March 20, 2004. (ECF No. 107 at 13-15.) The Court agreed and held that Plaintiff could not recover for any pre-March 20, 2004 damages on its state law contract and tort claims. (ECF No. 152 at 10-11; ECF No. 163 at 2.) With respect to Plaintiff's trademark claims, Defendants moved for total summary judgment under a number of theories. (ECF No. 107 at 21-34.) Defendants generally asserted the defense of laches and argued that Plaintiff should be estopped from asserting its

trademark claims altogether because of the delay in bringing these claims. (*Id*. at 28-29.) The Court denied summary judgment on the trademark claims because it found a genuine dispute of material fact. (ECF No. 152 at 19-20.)

Notably, in their Motion for Summary Judgment, Defendants did not argue that Plaintiff's trademark claims were affected by any statute of limitations or that damages on Plaintiff's trademark claims should be limited to post-March 20, 2004. (*Id*.) Accordingly, in addressing Defendants' Motion for Summary Judgment, the Court did not make *any* ruling with respect to whether Plaintiff can recover its pre-March 20, 2004 damages on its trademark claims.[1] Therefore, the Court does not find that Plaintiff is necessarily entitled under the law of the case to recover its pre-March 20, 2004 damages if it prevails on its trademark claims. Accordingly, the Court finds that the law of the case does not require that the instant Motion *in Limine* be either granted or denied.

    2.    <u>Rules 402 and 403</u>

Defendants contend that allowing Plaintiff to present evidence of trademark infringement would be "duplicative, irrelevant, and should be excluded under Rules 402 and 403." (ECF No. 190.)

---

[1] The Court notes that Defendants assert the defense of laches in the Final Pretrial Order and also contend, for the first time, that Plaintiff's trademark claims are also governed by a four year statute of limitations. (ECF No. 160 at 40.) However, the Court has not been asked to rule on this issue and will not do so in the absence of an appropriate motion. The Court notes, however, that Defendants generally asserted the defense of laches in their Answer and, by finally fleshing out their argument in the Final Pretrial Order, they have preserved the issue for trial. *See Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006) (affirmative defense is not waived when the plaintiff is put on notice sufficiently in advance of trial); *Expertise, Inc. v. Aetna Finance Co.*, 810 F.2d 968, 973 (10th Cir. 1987) (affirmative defense was not waived when defendant failed to include it in answer because it was in the final pretrial order which supplants the pleadings).

At this point in the proceeding, the Final Pretrial Order governs the claims at issue in this case. (ECF No. 160 ("this Final Pretrial Order will control the subsequent course of this action and trial").)) The Final Pretrial Order contains claims for both service mark infringement and unfair competition based on Defendants' alleged wrongful use of Plaintiff's trademark. (*Id*. at 13-17.) Thus, evidence related to Defendants' use of Plaintiff's trademark is relevant to issues that remain pending in this case. Additionally, because the elements for a breach of contract claim are different from a service mark infringement claim, the evidence Plaintiff presents with respect to each claim is not duplicative. Accordingly, the Court does not find that Rules 402 or 403 prevent Plaintiff from presenting evidence related to its trademark claims at trial.

What Defendants seem to argue, perhaps inartfully, is that Plaintiff should not be permitted to present evidence related to its trademark infringement claims because, with Defendants' concession regarding the 28 stores, there is no legal distinction between the breach of contract and trademark claims. That is, because Defendants concede that all stores were considered part of the joint venture, if the jury finds that there was no breach of contract then, as matter of law, there can be no trademark infringement because Defendants were at all times acting within the scope of the implied licensing agreement. In the alternative, if the jury finds that there was a breach of contract then, as a matter of law, Defendants were acting outside of the scope of the licensing agreement which is *per se* trademark infringement. In short, whether Defendants infringed on Plaintiff's trademark is driven entirely by whether there was a breach of contract. Thus, it could be argued that any evidence related to Plaintiff's trademark claims beyond whether or not Defendants were acting within the scope of the

licensing agreement would needlessly confuse the jury.

The Court has seriously considered Defendants' argument, or at least its construction of Defendants' argument outlined above. The Court agrees that, as presently postured, it appears that the trademark infringement claims have merged (or almost merged) with the breach of contract claims. However, the Court will not grant Defendants the relief they seek by way of the instant motion.

The motion currently before the Court is a motion *in limine*. The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial. Properly filed motions *in limine* "permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). "An *in limine* motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Bowers v. National Collegiate Athletic Ass'n*, 563 F.Supp.2d 508, 532 (D.N.J. 2008) (quoting *C&E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 315, 323 (D.D.C. 2008)); *see also Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) ("If [plaintiff] wanted to preclude [defendant] from raising these defenses at trial because there was no genuine issue of material fact as to them, then he should not have filed a motion *in limine* on the eve of trial, but instead should have filed a summary judgment motion pursuant to Federal

Rule of Civil Procedure 56.").

In the guise of a motion *in limine*, Defendants here have essentially brought a new motion for summary judgment on Plaintiff's trademark claims. Rather than pursue this route, Defendants should have moved the Court for permission to file a second motion for summary judgment and sought to have Plaintiff's trademark claim dismissed from this case in that manner. *See* WJM Practice Standard III.E.2 (allowing parties to seek leave of Court to file a second summary judgment motion for good cause shown). Defendants chose not to do so. The Court will not allow Defendants to circumvent its practice standards and the Rules of Civil Procedure by raising a substantive legal issue in a motion *in limine*.

Defendants have not shown that, as the case is currently postured, allowing evidence related to Plaintiff's trademark claims would violate the Federal Rules of Evidence. Accordingly, Defendants' Motion *in Limine* is DENIED to the extent it seeks to preclude any evidence related to Plaintiff's trademark claims.

Despite this ruling, the Court encourages the parties to consider the interrelated nature of the breach of contract and trademark claims, especially given Defendants' factual concession with respect to the 28 stores. The Court has reviewed the parties' proposed jury instructions and verdict forms and finds them extraordinarily unwieldy and lengthy (and if the Court has this reaction, it can only imagine what the reaction of the jurors will be). Accordingly, the parties should be prepared to address how the various claims at issue here may be consolidated or merged at the Trial Preparation Conference. The necessity of the parties doing so is only reinforced by the fact that the length of trial has been reduced to nine days.

**C.     Conclusion**

For the reasons set forth above, Defendants' Motion *in Limine* seeking to bar evidence related to Plaintiff's trademark claims is DENIED.  Defendants' Motion to Amend the Final Pretrial Order is GRANTED.  The Court will set a deadline for filing an Amended Final Pretrial Order at the Final Trial Preparation Conference.

Dated this 15th day of February, 2012.

BY THE COURT:

William J. Martinez
United States District Judge